```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
MICHAEL BOURGAL, FRANK H. FINKEL,
JOSEPH A. FERRARA, SR., MARC HERBST,
DENISE RICHARDSON, and THOMAS CORBETT,
as Trustees and Fiduciaries of the
Local 282 Welfare Trust Fund,
the Local 282 Pension Trust Fund,
the Local 282 Annuity Trust Fund,
the Local 282 Job Training Trust
Fund, and the Local 282 Vacation
and Sick Leave Trust Fund,

                        Plaintiffs,

          -against-                              MEMORANDUM & ORDER
                                                 14-CV-6347(JS)(GRB)
PECGRO TRUCKING, INC.,

                        Defendant.
-----------------------------------X
APPEARANCES
For Plaintiffs:    Jonathan Michael Bardavid, Esq.
                   Gina Elyse Nicotera, Esq.
                   Trivella & Forte, LLP
                   1311 Mamaroneck Ave, Suite 170
                   White Plains, NY 10605

For Defendant:     No appearances.
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R"), recommending that this Court grant Plaintiffs' motion for a default judgment and award damages. (Docket Entry 17.) For the following reasons, the Court ADOPTS Judge Brown's R&R in its entirety.

BACKGROUND

This action was commenced on October 28, 2014 by plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson, and Thomas Corbett, as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively "Plaintiffs") against defendant Pecgro Trucking, Inc. ("Defendant"). Plaintiffs seek to collect delinquent contributions and various other sums owed by Defendant under under the Employee Income Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, and Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

On January 22, 2015 Plaintiffs moved for entry of a default judgment (Docket Entry 10.) On February 3, 2015 the undersigned referred Plaintiff's motion to Magistrate Judge Brown for an R&R on whether the motion should be granted. (Docket Entry 16.)

On August 13, 2015, Judge Brown issued his R&R. (Docket Entry 17.) The R&R recommends that the Court (1) grant Plaintiff's motion for default judgment, and (2) award damages in the amount of $112,010.59 for unpaid contributions, interest, liquidated damages, audit fees, and attorney's fees and costs, along with

2

daily interest at the rate of $22.35 per day commencing January 17, 2015 until the date of the judgment. (R&R at 13.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Brown's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

Judge Brown's R&R (Docket Entry 17) is ADOPTED in its entirety. The Court is directed to enter judgment in favor of Plaintiffs and against Defendant in the amount of $112,010.59 for unpaid contributions, interest, liquidated damages, audit fees, and attorney's fees and costs, along with daily interest at the rate of $22.35 per day commencing January 17, 2015 until the date

3

of the judgment.  The Clerk of the Court is further directed to mark this matter CLOSED.  Plaintiff is directed to serve a copy of this Memorandum & Order on Defendant and file proof of service.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  23 , 2015
         Central Islip, New York